819 F.2d 1137
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ernest BLUNT, Plaintiff-Appellant,
v.
Phillip G. DANTES, Chairperson, Maryland Parole Commission;
John W. Wolfgang, Commissioner, Maryland Parole Commission;
Lynne W. Rose, Hearing Officer, Maryland Parole Commission,
Defendant-Appellee.
 No. 87-6501.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 31, 1987.
Decided May 21, 1987.
 
 Before WIDENER, CHAPMAN and WILKINS, Circuit Judges.
 Ernest Blunt, appellant pro se.
 PER CURIAM:
 
 
 1
 Ernest Blunt, a Maryland inmate, appeals from the district court's dismissal of his 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 Blunt alleged that Maryland Parole Commission officials improperly denied him parole by relying on allegedly fraudulent information to the effect that Blunt had been convicted of rape in 1985. Blunt sought damages. The district court dismissed the action as frivolous under 28 U.S.C. Sec. 1915.
 
 
 3
 In an in forma pauperis case, the district court has broad discretion to dismiss the complaint without issuance of process when an examination of the record reveals that the action is "frivolous." Boyce v. Alizaduh, 595 F.2d 948, 950-52 (4th Cir.1979). To satisfy the test of frivolousness under 28 U.S.C. Sec. 1915(d), the district court must find "beyond doubt" and under any "arguable" construction, "both in law and in fact," of the substance of the plaintiff's claim, that he would not be entitled to relief. Boyce, supra, at 952 (citations omitted).
 
 
 4
 Here, the district court's dismissal was entirely justified. First, the officials from whom Blunt sought damages were immune from liability for damages. See Pope v. Chew, 521 F.2d 400, 405 (4th Cir.1975).
 
 
 5
 Second, assuming that Blunt was seeking expunction of the alleged erroneous information from his prison files, he failed to show that he had met the jurisdictional predicate to maintaining such an action. A claim of constitutional dimension is raised when a state prisoner alleges the following: (1) that certain information is contained in his file; (2) that the information is false; and (3) that it is relied upon to a constitutionally significant degree by correctional authorities. Paine v. Baker, 595 F.2d 197, 201-02 (4th Cir.) cert. denied, 444 U.S. 925 (1979). However, as a jurisdictional predicate to filing such an action, the inmate must first request in writing that prison officials expunge the information, and officials must be given a reasonable opportunity to respond. Id. at 202-03. Blunt's complaint in this case did not show compliance with the jurisdictional predicate. As a consequence, assuming that Blunt intended to make such a claim, the district court lacked jurisdiction to consider Blunt's claim on the merits.
 
 
 6
 Accordingly, the district court did not abuse its discretion in dismissing the action. Because the record and other materials before this Court indicate that oral argument would not aid the decisional process, we dispense with it and affirm the judgment of the district court.
 
 
 7
 AFFIRMED.